Frederic W. Procter v. Commissioner.
Procter v. Commissioner
Docket No. 111015.
United States Tax Court
1943 Tax Ct. Memo LEXIS 208; 2 T.C.M. (CCH) 429; T.C.M. (RIA) 43329; July 6, 1943
*208 Thomas H. Fisher, Esq., 135 S. LaSalle St., Chicago, Ill., for the petitioner. John D. Kiley, Esq., and Harold H. Hart, Esq., for the respondent. LEECH Memorandum Opinion LEECH, J.: Respondent determined a deficiency in gift taxes in the amount of $36,487.85 for the calendar year 1939. The issues presented are: (1) whether the transfers are taxable under the gift tax provisions of the Revenue Act; and (2) whether petitioner is entitled to a specific exemption of $40,000 in determining his gift tax liability. The case was submitted on a stipulation of facts and exhibits. We find the facts as stipulated. [The Facts] Petitioner in 1939 was a nonresident citizen. His gift tax return for the year 1939 was filed by his attorneys with the collector of internal revenue at Baltimore, Maryland. On January 13, 1939, petitioner executed an irrevocable trust indenture, whereby he assigned and conveyed to the Guaranty Trust Company of New York, Lester Y. Baylis and himself as trustees, certain remainder interests in the corpus of two trusts established by his grandfather, Harley T. Procter. By its terms the rents, income and profits of the trust corpus were to be paid to the petitioner *209 during his life, and the remainder to his surviving children and the issue and widows of any children predeceasing him. The property assigned and conveyed to the trustees consisted of "so much" of petitioner's right, title and interest in the two above mentioned trusts "as will remain (a) after the satisfaction and payment of the indebtedness to Lillian S. Procter * * * and (b) after a further deduction, if any becomes necessary, from said remainders of the amount provided for in Article 'ELEVENTH' hereof." One of the trusts established by Harley T. Procter was created by deed dated December 29, 1914 and the other by Article "sixth" of his last will and testament. Under the deed of trust the petitioner was entitled to receive the entire corpus upon the death of his mother, Lillian S. Procter, who was 63 years of age on January 13, 1939. Petitioner is the only child of Lillian S. Procter. The total value of the corpus of the deed of trust as of January 13, 1939 was $928,593.70. Under the testamentary trust the petitioner was entitled to receive the entire corpus in the event he survived the life tenant, Lillian S. Procter, and reached the age of 40 years. The value of the corpus of *210 that trust, as of January 13, 1939, was $961,552.68. The petitioner was 36 years of age at the time he created the trust on January 13, 1939. This trust contains, inter alia, the following provisions: * * * * *
EIGHTH: Frederic W. Procter hereby irrevocably directs the trustees of the trusts created by the said Indenture of Trust dated December 29, 1914, and by Article SIXTH of the Last Will and Testament of the late Harley T. Procter: (a) If at the time of the death of Lillian S. Procter the aforesaid seven promissory notes or any one of them shall remain unpaid, forthwith to pay to the estate of Lillian S. Procter or her assignee or assignees, the full amount of principal due upon such unpaid notes with interest at five (5%) per cent to January 13th, 1939, and thereupon (b) Forthwith to transfer to the trustees hereunder the entire rest and residue of said trust estates created by said Indenture of December 29, 1914, and Article SIXTH of the Last Will and Testament of Harley T. Procter, subject, however, to the provisions of Article ELEVENTH hereof. * * * * *
ELEVENTH: The settlor is advised by counsel and satisfied that the present transfer is not subject *211 to Federal gift tax. However, in the event it should be determined by final judgment or order of a competent Federal Court of last resort that any part of the transfer in trust hereunder is subject to gift tax, it is agreed by all the parties hereto that in that event the excess property hereby transferred which is decreed by such court to be subject to gift tax, shall automatically be deemed not to be included in the conveyance in trust hereunder and shall remain the sole property of Frederic W. Procter free from the trust hereby created. * * * * *
Lillian S. Procter was a signatory to this trust. Concurrently therewith and under date of January 13, 1939, the petitioner entered into an "agreement and assignment" with Lillian S. Procter. The trust of January 13, 1939 refers to this agreement as constituting part of the consideration expressed. The "agreement and assignment" recites, inter alia, that petitioner was theretofore indebted to Lillian S. Procter on seven demand promissory notes bearing interest at the rate of five per cent per annum. These notes evidenced further the "assigning, transferring and setting over to the said Lillian S. Procter, as security for the payment *212 of" these notes and of all other liabilities of the petitioner "the following property, viz: all of the right, title and interest of the undersigned as remainderman or otherwise in and to" four certain trust funds, his interest in two of which was included in the assignment by petitioner dated January 13, 1939. Under the "agreement and assignment" these seven demand promissory notes were liquidated to January 13, 1939 by the inclusion of interest therein according to their terms. It was then provided THIRD: Lillian S. Procter agrees and covenants that after the execution of this agreement, the above said notes shall bear no further interest. The parties agree that the principal and interest due on said notes at the date of the execution of this agreement is the sum of $686,300.03, including interest to date. Included in said notes are the advances made by Lillian S. Procter to Frederic W. Procter as itemized in the schedule attached to said agreement of March 17, 1936 and the said Frederic W. Procter hereby acknowledges that all said notes have been and are just and valid obligations on his part. The said seven notes shall be endorsed as follows: "Interest on this note after *213 January 13, 1939, is hereby waived. The interest of the maker thereof in the trust created by the THIRD Article of the Will of Harley T. Procter, and his interest in the trust created by the said Harley T. Procter by indenture dated December 30, 1902, are hereby released from the lien of this note, and the holder of this note shall have no recourse to said two trusts in case of default in the payment hereof, either by virtue of the lien herein provided, or by execution on any judgment against the maker, but only against the remaining two trusts, namely, one created by an indenture executed by Harley T. Procter December 29, 1914, and the other created by Article SIXTH of the said Last Will and Testament of Harley T. Procter." which endorsement shall be signed by Lillian S. Procter. There was no agreement to postpone demand or collection of the debt evidenced by these notes. On June 1, 1942 such demand was made in writing by Lillian S. Procter to petitioner. The present worth of $1 due at the death of a person aged 36 provided that a person aged 63 years shall have died before the person aged 36 is $0.25152. The present worth of the right to receive $1 at the death of a person aged *214 36 years provided such death occur after four years and after the death of a person aged 63 years is $0.24883. On November 12, 1942, the petitioner instituted an action in the District Court of the United States for the Southern District of New York entitled "FREDERIC W. PROCTER, individually and as trustee under that certain Indenture of Trust dated January 13, 1939. Plaintiff, v. GUARANTY TRUST COMPANY OF NEW YORK, a corporation, and LESTER Y. BAYLIS, as Trustees under that certain Indenture of Trust dated January 13, 1939, and LILLIAN S. PROCTER, Defendants." This action is still pending undetermined. The complainant alleges, inter alia, Lillian S. Procter, defendant, may sell or otherwise dispose of said notes or said collateral to third persons not parties to this proceeding; and unless defendant be restrained from conveying or transferring said notes or selling said collateral, plaintiff by reason thereof would sustain irreparable loss and damage. The complainant prays, inter alia, that the trust dated January 13, 1939 be adjudged null and void and that the notes be cancelled. The petitioner has not claimed or been allowed the statutory exemption of $40,000 *215 or any part thereof at any time prior to 1939 and since the enactment of the Revenue Act of 1932. The remainder interests transferred by petitioner to the trust on January 13, 1939 had no value as of January 13, 1939. [Opinion] The petitioner's contention is that the transfers do not constitute taxable gifts for the following reasons: (a) the interest retained is subject to estate tax on his death; (b) the interests transferred are contingent remainders; (c) the effect of Paragraph "Eleventh" is to cancel and terminate the gift; and (d) the interests transferred had no value as of January 13, 1939. The petitioner's return showed no tax liability. The respondent, in calculating the value of the remainder interests transferred to the trust on January 13, 1939, deducted the admitted indebtedness of the petitioner to Lillian S. Procter in the sum of $686,300.03 from the total value of the corpus of the deed of trust dated December 29, 1914, and applied the discount factors to that amount. In thus determining the gift tax deficiency, he valued the transfers as of January 13, 1939 at $310,252.32. He now concedes that under the agreed total value of the corpus of the two trusts, *216 using the same factors employed in his notice of deficiency, the value would be $300,204.86. The position of the petitioner is that this indebtedness should be deducted not from the corpus of either trust but from the value of his remainders therein as of the date of the gift. The value of the transferred interests under such a computation would be zero, thus resulting in no gift tax. Which computation is correct depends upon whether the seven demand promissory notes of petitioner to Lillian S. Procter are payable according to their tenor, upon demand, and collectible then only from the remainder interests petitioner transferred to the trust of January 13, 1939. If they are, then petitioner is right. . See also . This is so because the value of the gift at its date must control. . Thus if petitioner's notes to his mother evidenced obligations payable upon demand and then collectible only from the pledged interests which were transferred, petitioner's gift, if any, was - *217 and could have been - no more than his equity in the pledged remainders after the payment. See also Respondent does not contend or even intimate that the notes did not evidence valid and binding obligations of the petitioner. His argument is premised wholly on the position that the payment of the notes was not enforceable until the death of Lillian S. Procter. To support this position he points to no specific provision in either the trust or the "agreement and assignment." Obviously there is none. There is some indication that respondent is relying on paragraph "Eighth" of the trust, quoted above, as furnishing some basis for this position. But, we think, that paragraph when considered against the background of other circumstances is meant to apply only if the notes have not been paid before the death of Lillian S. Procter. The notes were all payable on demand. As originally executed that was so and though a new endorsement was placed on them as of January 13, 1939, no other change was made except the waiver of interest. There was no agreement to postpone demand *218 and collection. The effect of the new endorsement was apparently limited to releasing two of the four remainder interests, theretofore pledged generally for the payment of the notes, and restricting recourse for their nonpayment, upon demand, to the other two remainders which were transferred to the trust of January 13, 1939, subject to that pledge. Moreover, significantly, both petitioner and Lillian S. Procter so construed the contract. The former partially bases his complaint in the other proceedings in New York on that premise. The latter has already demanded payment of the notes. As we view the situation, petitioner intended to and did transfer to the trust of January 13, 1939, irrevocably, for the benefit of his issue, his equity in his remainder interests in the corpora of the two trusts mentioned therein, remaining after payment therefrom of his notes to his mother, Lillian S. Procter, upon demand. We conclude that the value of petitioner's gifts to the trust on January 13, 1939 was the value of his transferred remainder interests, as of that date, reduced by the face amount of the indebtedness to his mother, i.e., $686,300.03. *219 See also The value of those remainder interests is properly the subject of actuarial computation. ; , . Regulations 79, art. 19-(7). The factors upon which to make that computation have been found as stipulated. Applying those factors to the value, as found, of the corpus of the two trusts, the value of the petitioner's remainder interest therein is ascertained to be $472,823.04. The amount of the indebtedness of $686,300.03 to Lillian S. Procter being greater than that ascertained value of petitioner's remainder interests, the gift of the residue of those remainder interests had no value as of January 13, 1939. We sustain the petitioner on this ground alone. Petitioner is not liable for gift tax. Decision will be entered for the petitioner.